
United States District Court
Southern District of Texas
**ENTERED**
June 01, 2021
Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
June 01, 2021
Nathan Ochsner, Clerk



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CDIC OF NC PROTECTED CELL A-600 LLC, *et al*, <br> Plaintiffs, <br><br> vs. <br><br> JOSHUA GOTTLIEB, *et al*, <br> Defendants. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 4:18-cv-04142 <br><br><br><br><br> JUDGE CHARLES ESKRIDGE |

**OPINION AND ORDER**
**DENYING MOTION TO COMPEL ARBITRATION**

The motion by Defendant Joshua Gottlieb to compel arbitration is denied. Dkt 110.

1.   Background

This action has a long procedural history spanning well over two years. The underlying facts are heavily disputed at nearly every turn. But the facts pertinent to the pending motion can be succinctly stated.

Plaintiff CDIC of NC Protected Cell A-600 LLC, for itself and as successor-in-interest to Series A-600 of Capital Development Insurance Company (PCC A-600), is a North Carolina limited liability company. Dkt 113 at ¶ 1. Gottlieb and William Y. Webb were appointed as co-managers of PCC A-600. Dkt 90 at 4. A provision in its operating agreement states, "Any dispute arising out of or in connection with this Agreement or the breach thereof shall be decided by arbitration" in North Carolina. Dkt 112-1 at 45.

After he was served with process in this action, Gottlieb sent an email in December 2018 saying that "the venue agreed upon

if there is a dispute is arbitration in lieu of litigation." Dkt 112-1 at 19. But Gottlieb didn't move at that time to compel arbitration. He has instead proceeded in this action for well over two years.

PCC A-600 along with fellow Plaintiffs Aquamarine Risk Management LLC, Aquamarine Pools of Houston LLC, and Aquamarine Pools of Texas LLC moved for leave to file a third amended complaint in October 2020. Dkt 90. The motion sought (in relevant part) to add Webb as a party. Id at 12–13. PCC A-600 then initiated arbitration against Webb in April 2021 before decision on the motion seeking leave. Dkt 108.

Gottlieb filed a motion to compel arbitration as to all claims against him in a consolidated proceeding along with Webb. Dkt 110. PCC A-600 responded, arguing that Gottlieb waived his right to compel arbitration. Dkt 112.

2. Legal standard

The Federal Arbitration Act provides, "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 USC § 4. This permits a party to file a motion to compel arbitration when an opposing party "has failed, neglected, or refused to comply with an arbitration agreement." *American Bankers Insurance Co of Florida v Inman*, 436 F3d 490, 493 (5th Cir 2006) (citations omitted); see also *Savage SE Operations, LLC v Wartsila North America, Inc*, 496 F Supp 3d 1051, 1055 (SD Tex 2020).

To determine whether to enforce an arbitration agreement, the court first determines whether there is a valid agreement to arbitrate and then considers whether the subject dispute falls within the scope of that agreement. *Edwards v Doordash Inc*, 888 F3d 738, 743 (5th Cir 2018), citing *Klein v Nabors Drilling USA LP*, 710 F3d 234, 236 (5th Cir 2013). "Under the FAA, ordinary principles of state contract law determine whether there is a valid agreement to arbitrate." *Halliburton Energy Services, Inc v Ironshore Specialty Insurance Co*, 921 F3d 522, 530 (5th Cir 2019). And in

"determining the scope of a valid arbitration agreement," the court must "resolve ambiguities in favor of arbitration." *Klein*, 710 F3d at 237, citing *Fleetwood Enterprises, Inc v Gaskamp*, 280 F3d 1069, 1073–74 (5th Cir 2002). The court must ultimately compel arbitration if both elements are satisfied unless there's a federal statute or policy to the contrary. See *Sherer v Green Tree Servicing LLC*, 548 F3d 379, 381 (5th Cir 2008); *Savage*, 496 F Supp 3d at 1055–56.

But the "right to arbitrate a dispute, like all contractual rights, is subject to waiver." *Nicholas v KBR, Inc*, 565 F3d 904, 907 (5th Cir 2009). A party waives its right to arbitration "by substantially invoking the judicial process, to the detriment or prejudice of the other party." *Maldonado v FirstService Residential, Inc*, 2021 WL 966064, *4 (SD Tex), citing *Pacheco v PCM Construction Services, LLC*, 602 F Appx 945, 948 (5th Cir 2015, *per curiam*). To *substantially invoke* the judicial process, a party "must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *In re Mirant*, 613 F3d 584, 589 (5th Cir 2010), quoting *Subway Equipment Leasing Corp v Forte*, 169 F3d 324, 326 (5th Cir 1999). And to show *prejudice*, a party must demonstrate "inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue." *Republic Insurance Co v PAICO Receivables, LLC*, 383 F3d 341, 346 (5th Cir 2004) (citations and quotations omitted).

The Fifth Circuit holds that "a bright-line rule is inappropriate for deciding whether a party has waived its right to arbitration." *In re Mirant*, 613 F3d at 589. Instead, the question of what constitutes a waiver of the right of arbitration depends upon the facts of each case. *Tenneco Resins, Inc v Davy International, AG*, 770 F2d 416, 420 (5th Cir 1985). But there's "a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden." *Republic Insurance*, 383 F3d at 344; see also *In re Mirant*, 613 F3d at 588.

3. Analysis

There's no apparent dispute that a valid agreement to arbitrate exists, and that the present dispute falls within its scope. The only issue is whether Gottlieb waived his right to invoke arbitration under the agreement.

a. Invoking the judicial process

Plaintiffs argue in response to the motion that Gottlieb has substantially invoked the judicial process in this action. Dkt 112 at 14–15. Gottlieb doesn't address this argument in his reply. See Dkt 114.

When determining whether a party has substantially invoked the judicial process, courts consider "the extent to which the party seeking arbitration filed pleadings or motions indicating a desire to have the court rather than an arbitrator resolve the dispute." *Electrostim Medical Services, Inc v Health Care Service Corp*, 2012 WL 5373462, *6 (SD Tex). Also pertinent in this respect is whether that party has engaged in discovery and other pretrial activity. Id at *8; *Republic*, 383 F3d at 344–45; *Price v Drexel Burnham Lambert, Inc*, 791 F2d 1156, 1162 (5th Cir 1986).

One aspect of this inquiry is quite clear. "A party waives arbitration by seeking a decision on the merits before attempting to arbitrate." *Petroleum Pipe Americas Corp v Jindal Saw, Ltd*, 575 F3d 476, 480 (5th Cir 2009); *In re Mirant*, 613 F3d at 589. For example, the defendant in *Forby v One Technologies, LP* knew that it had a right to compel arbitration, but it moved to dismiss pursuant to Rule 12(b)(6) rather than to compel arbitration (even in the alternative). 909 F3d 780, 784 (5th Cir 2018). After the court granted the motion to dismiss only in part, the defendant sought to compel arbitration, which was denied. The Fifth Circuit upheld that ruling, finding that the decision by the defendant to pursue dismissal of the claims on the merits "with no mention of compelling arbitration demonstrated a desire to resolve the dispute in litigation rather than arbitration." Ibid.

Gottlieb has likewise substantially invoked the judicial process. He knew that he had a right to compel arbitration by at least December 7, 2018, as evidenced by his email that day. Dkt 112-1 at 19; see also Dkt 112 at 3. But he proceeded to seek dismissal of the claims against him, without seeking to compel

4

arbitration in the alternative. Dkt 15. What's more, his motion to dismiss was granted in part *nearly two years ago*, with this action proceeding through substantial litigation since then. Dkt 39.

Plaintiffs have satisfied their burden to show that Gottlieb substantially invoked the judicial process in this action.

      b. Prejudice

Plaintiffs argue in response to the motion that they would be prejudiced if the motion to compel arbitration were granted. Dkt 112 at 15–17.

Gottlieb raises a number of arguments in reply. Dkt 114. *First,* he argues that all of Plaintiffs' litigation efforts to this point were directed towards all Defendants rather than specifically towards Gottlieb. Dkt 114 at 3–4. *Second,* Gottlieb further argues that even if his motion to compel is denied, PCC A-600 still needs to resolve its claims against him in arbitration because its claims against Webb "are directly tied to" those against him. Id at 4. *Third,* Gottlieb faults Plaintiffs for failing "to point to a single 'discovery tool' or aspect of 'motion practice' that is prohibited in arbitration and was used by Mr. Gottlieb to PCC A-600's disadvantage." Id at 5–6. *Fourth,* Gottlieb asserts that preserving the *status quo* would thwart "judicial economy and uniformity." Id at 6–8.

This misperceives the necessary showing. "Prejudice to the party *opposing* arbitration, not prejudice to the party *seeking* arbitration, is determinative of whether a court should deny arbitration on the basis of waiver." *Price v Drexel Burnham Lambert, Inc*, 791 F2d 1156, 1159 (5th Cir 1986) (emphasis added). True, the party opposing arbitration "carries the burden of demonstrating prejudice." *Qazi v Stage Stores, Inc*, 2020 WL 1321538, *6 (SD Tex), citing *Forby*, 909 F3d at 784. But Chief Judge Rosenthal has previously noted that "prejudice can take the form of heavy legal expenses incurred in responding to the movants' litigation conduct; of allowing a party the advantages of discovery through litigation that would be unavailable in arbitration; the costs attendant to delay; and the risk of relitigating issues the court has already decided." *National Oilwell Varco, LP v Sadagopan*, 2018 WL 276364, *5 (SD Tex). And while delay in asserting arbitration doesn't alone constitute prejudice, courts do

consider it when determining whether the nonmovant would be prejudiced. See *Qazi v Stage Stores, Inc*, 2020 WL 1321538, *6 (SD Tex).

The defendants in *Qazi v Stage Stores, Inc* moved to compel arbitration nearly two years after plaintiffs initiated the action. 2020 WL 1321538 at *2. Plaintiffs by that time had incurred over $600,000 in attorneys' fees and costs. Id at *6. When determining whether plaintiffs would be prejudiced by granting the motion to compel, Judge Keith Ellison concluded that they had indeed "suffered prejudice in the form of lost time, spent costs, and wasted judicial resources because of Defendants' delay." Ibid. He further noted, "Allowing so much time to pass in such an active litigation has also wasted judicial resources." Ibid. He thus concluded that the defendants there waived their right to compel arbitration. See also *DHI Group, Inc v Kent*, 2018 WL 1150213, *8 (SD Tex) (prejudice shown with ten-month delay and $90,000 in legal fees incurred).

Plaintiffs here would likewise experience substantial prejudice if forced to arbitrate their claims against Gottlieb at this late juncture. That's because Gottlieb has waited nearly three years since Plaintiffs initiated this action to attempt to compel arbitration. Plaintiffs submit that they "have incurred $642,317 in attorney's fees and costs litigating in this forum." Dkt 112 at 19. They have also responded to at least 286 document requests and produced over 3,000 pages, reviewed over 70,000 files and documents produced by Defendants, taken depositions, and begun preparing trial materials. Dkt 112 at 15.

Gottlieb doesn't address these facts at all, largely ignoring the extent to which granting the motion to compel would prejudice Plaintiffs. He simply argues (in essence) that Plaintiffs shouldn't be able to pursue arbitration against one co-manager while proceeding here in litigation against the other. Of course, he doesn't at all address what's to become of this litigation as to all of the other Defendants, which claims by Plaintiffs are *not* subject to arbitration. Regardless, any such prudential concerns can in no way be said to outweigh the enormous amount of time and resources that Gottlieb has devoted to this action—and which he has required Plaintiffs—and this Court—to devote to this action.

Plaintiffs have sufficiently demonstrated that they would be prejudiced if this matter were now sent to arbitration.

4. Conclusion

Defendant Joshua Gottlieb has waived his right to compel arbitration. His motion by to compel arbitration is DENIED. Dkt 110.

SO ORDERED.

Signed on June 1, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge