United States District Court
Southern District of Texas
**ENTERED**
September 03, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CDIC OF NC PROTECTED CELL A-600 LLC, *et al*, | § § § § | CIVIL ACTION NO. 4:18-cv-04142 |
| Plaintiffs, | § § § | |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| JOSHUA GOTTLIEB, *et al*, Defendants. | § § § § | |

**OPINION AND ORDER
GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

The motion for partial summary judgment by Plaintiff CDIC of NC Protected Cell A-600, LLC, for itself and as successor-in-interest to Series A-600 of Capital Development Insurance Company, LLC, on its claims against Defendants Asset Retention Trust Co, LLC, Energy Redevelopment Company, Inc, and GGR Realty Management, LLC for breach of promissory note is granted. Dkt 50. Objections by ART, ERC, and GGR to certain summary judgment evidence are denied as moot. Dkt 53.

    1.  Background

As noted above, Plaintiff here has a complicated name, which the parties have referred to simply as *A-600*. That convention will be used here.

Defendant Joshua Gottlieb formed A-600 as the captive insurance company for Plaintiffs Aquamarine Pools of Houston LLC and Aquamarine Pools of Texas, LLC. Plaintiff Aquamarine Risk Management, LLC is the sole member of A-600 and Plaintiffs Mark Naras, Donna Naras, and John Mehrman own the three Aqua entities. Once he formed A-600, Gottlieb

served as one of its managers. Plaintiffs claim that Gottlieb unilaterally initiated loans from A-600 to ART, GGR, and ERC, each of which he allegedly owns and controls. Dkt 50 at 11–12.

Gottlieb claims he issued the promissory notes to his entities as manager of A-600 with the informed consent of Donna Naras. He also claims that A-600 issued the notes to ART (at least in part) to fund loans ART made to other entities owned and controlled by the Narases and Mehrman. Then, he says, those latter entities used the proceeds to fund life insurance premiums for policies held by the Narases and Mehrman. Dkt 52 at 9.

Gottlieb executed one promissory note on behalf of ART, three on behalf of GGR, and two on behalf of ERC. Dkt 50-1 at 27–33 (May 2016 note to ART), 35–37 (June 2016 note to GGR), 39–40 (December 2016 note to ERC), 42–44 (December 2016 note to GGR), 47–49 (April 2017 note to GGR), 51–53 (April 2017 note to ERC). A-600 owns and holds each note. And as consideration for executing the notes in its favor, A-600 collectively loaned $270,000 to ART, $932,000 to GGR, and $150,000 to ERC. Id at 32–33, 37, 41, 45, 49, 53. Thus, A-600 seeks actual damages (including unpaid principal plus unpaid interest as of December 31, 2019) totaling $1,568,085.99 plus interest, attorney fees and costs, an order entering final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and post-judgment interest. Dkt 50 at 22–23.

Plaintiffs filed their third amended complaint in May 2021. Dkt 113. Pertinent here, they assert claims against ART, ERC, and GGR for money had and received, conversion, civil conspiracy, and breach of promissory note. Id at ¶¶ 78–79, 81–83. But before filing the third amended complaint, A-600 alone moved for partial summary judgment in February 2020 on its breach of promissory note claims against ART, ERC, and GGR. Dkt 50. A-600 solely moves for partial summary judgment because it alone owns and holds the notes. The parties agree that the motion remains ripe and was unaffected by the third amended complaint.

A hearing was scheduled on the motion for August 5, 2021, with notice sent the month before. Dkt 127. Counsel for A-600 traveled from San Antonio to appear as ordered, but counsel for

ART, ERC, and GGR failed to appear without prior notice or explanation. The Court expressed its inclination to grant the motion and ordered counsel for ART, ERC, and GGR to show cause for their failure to appear. Dkt 131. Counsel responded with reference to non-specific health exigencies, while noting that ART, ERC, and GGR were prepared to "offer stipulation as to liability on the narrow issue of the Notes in question." Dkt 132 at 1.

2. Legal standard

Rule 56(a) of the Federal Rules of Civil Procedure requires a court to enter summary judgment when the movant establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is *material* if it "might affect the outcome of the suit under the governing law." *Sulzer Carbomedics v Oregon Cardio-Devices, Inc*, 257 F3d 449, 456 (5th Cir 2001), quoting *Anderson v Liberty Lobby, Inc*, 477 US 242, 248 (1986). And a dispute is *genuine* if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v CCC & R Tres Arboles, LLC*, 736 F3d 396, 400 (5th Cir 2013), quoting *Anderson*, 477 US at 248.

The summary judgment stage doesn't involve weighing the evidence or determining the truth of the matter. The task is solely to determine whether a genuine issue exists that would allow a reasonable jury to return a verdict for the nonmoving party. *Smith v Harris County*, 956 F3d 311, 316 (5th Cir 2010), quoting *Anderson*, 477 US at 248. Disputed factual issues must be resolved in favor of the nonmoving party. *Little v Liquid Air Corp*, 37 F3d 1069, 1075 (5th Cir 1994). All reasonable inferences must also be drawn in the light most favorable to the nonmoving party. *Connors v Graves*, 538 F3d 373, 376 (5th Cir 2008), citing *Ballard v Burton*, 444 F3d 391, 396 (5th Cir 2006).

The moving party typically bears the entire burden to demonstrate the absence of a genuine issue of material fact. *Nola Spice Designs, LLC v Haydel Enterprises, Inc*, 783 F3d 527, 536 (5th Cir 2015) (quotation omitted); see also *Celotex, Corp v Catrett*, 477 US 317, 322–23 (1986) (citations omitted). If the movant meets this burden, then "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a

genuine issue for trial." *Little*, 37 F3d at 1075; see also *Celotex*, 477 US at 325. "This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F3d at 1075 (quotations and citations omitted). But if facts specifically alleged by the nonmovant "contradict facts specifically averred by the movant, the motion must be denied." *Lujan v National Wildlife Federation*, 497 US 871, 888 (1990).

But even if the nonmovant fails to respond appropriately or to respond at all, summary judgment isn't automatically awarded to the movant simply by default. See *Ford-Evans v Smith*, 206 F App'x 332, 334 (5th Cir 2006); *Hetzel v Bethlehem Steel Corp*, 50 F3d 360, 362 n 3 (5th Cir 1995), quoting *Hibernia National Bank v Administracion Central Sociedad Anonima*, 776 F2d 1277, 1279 (5th Cir 1985); *John v Louisiana*, 757 F2d 698, 708 (5th Cir 1985). Instead, summary judgment is appropriate only if the movant demonstrates the absence of a genuine dispute of material fact and shows that judgment is warranted as a matter of law. See *Adams v Travelers Indemnity Co of Connecticut*, 465 F3d 156, 163 (5th Cir 2006).

    3.   Analysis

ART, ERC, and GGR previously argued that A-600 isn't entitled to summary judgment because it "lacked capacity to file the instant claims," while also asserting that Plaintiffs brought this action without the consent of the then-managers of A-600 as required by its operating agreement. Dkt 52 at 12–16. They now concede that Plaintiffs have corrected this standing issue, apparently referencing Plaintiffs' subsequent ratification of their original complaint after removing the managers. Dkt 132 at 3. And they concede that all of the notes at issue are valid and enforceable, and that summary judgment "may be appropriate" as to the claims related to each note. Id at 3.

Their only argument in continued opposition to the grant of partial summary judgment is that the motion "mischaracterizes the facts and circumstances under which the Notes were issued, as well as the use of the proceeds." Ibid. They also raise tangential arguments relating to attorney fees and oppose the entry of a final

judgment under Rule 54(b) for the reasons set forth in their prior response. Ibid.

But those arguments don't affect the validity of the notes. The entry of partial summary judgment is appropriate as to each note for the following reasons.

### a. May 4, 2016 note issued to ART

Gottlieb executed a promissory note governed by Ohio law on behalf of ART and in favor of A-600 on May 4, 2016 under which A-600 allegedly disbursed two loans to ART. Dkt 50-1 at 27–33. The first loan was for $150,000, and ART initially delivered a promissory note to A-600 dated December 24, 2015 to document it. Dkt 50 at 12; Dkt 50-1 at 32. That note was superseded by the May 4, 2016 note. Dkt 50 at 12; Dkt 50-1 at 32. With that came the second loan for $120,000. Dkt 50-1 at 32. Each loan was subject to an interest rate of between 0% and 3%, depending on the date of repayment with the rate increasing based on later repayment dates. Id at 33. A-600 claims that it "performed its obligations under the May 4, 2016 ART Note" by loaning the combined amount of $270,000 to ART in accordance with its terms. Dkt 50 at 16.

A-600 claims that ART breached the note in two ways. *First,* it claims that ART hasn't made any payments and hasn't cured its default despite being given notice and an opportunity to do so. Dkt 50 at 16. *Second,* A-600 claims ART hasn't delivered a statement of the value of the note under an assumption of full maturity to the note within thirty days after the end of each calendar year, as the note requires. Ibid; Dkt 50-1 at 28–30. A-600 argues this to mean that it's entitled to summary judgment on its claim against ART for breaching the May 4, 2016 promissory note. It seeks actual damages totaling $285,937.40 (inclusive of unpaid principal and unpaid interest) as of December 31, 2019 plus daily interest until the date of judgment and post-judgment interest at the highest applicable rate. Dkt 50 at 16, 22.

ART previously opposed summary judgment without directly addressing the breach of promissory note claim to this note. See Dkt 52. But ART did raise an evidentiary objection as to its consideration. Dkt 53 at 8. Recent concession now confirms that ART doesn't contest "the validity and

enforceability" of this note—with further representation that the note was "issued and funded," so summary judgment "at this point may be appropriate." Dkt 132 at 3.

Summary judgment is appropriate as to the May 4, 2016 note issued to ART, and the related evidentiary objection will be denied as moot.

### b. June 17, 2016 note issued to GGR

Gottlieb executed a promissory note governed by Delaware law on behalf of GGR and in favor of A-600 on June 17, 2016 under which A-600 allegedly disbursed eight separate loans to GGR. Dkt 50-1 at 35–37. A-600 cites an attachment to the promissory note which indicates it loaned the following amounts to GGR:

- $125,000 on June 17, 2016;
- $175,000 on November 16, 2016;
- $50,000 on January 9, 2017;
- $100,000 on April 21, 2017;
- $32,000 on May 23, 2017;
- $150,000 on December 16, 2017;
- $50,000 on April 7, 2017; and
- $50,000 on April 20, 2017.

Each loan was subject to an interest rate of 6%. Dkt 50-1 at 37. A-600 claims that it "performed its obligations under the June 17, 2016 GGR Note by loaning $732,000 to GGR in accordance with its terms." Dkt 50 at 17.

A-600 claims that GGR breached the note because it hasn't made any payments and hasn't cured its default despite being given notice and an opportunity to do so. A-600 argues that it's entitled to summary judgment on its claim against GGR for breaching the June 17, 2016 promissory note. It seeks actual damages totaling $849,389.00. as of December 31, 2019 (inclusive of unpaid principal and unpaid interest), plus daily interest until the date of judgment and post-judgment interest at the highest appliable rate. Dkt 50 at 17, 23.

GGR previously opposed summary judgment as to this note. Dkt 52 at 19–22. And it raised an evidentiary objection as to its

consideration. Dkt 53 at 8. But as with the prior note, recent concession now confirms that GGR doesn't contest "the validity and enforceability" of this note—with further representation that the note was "issued and funded," so summary judgment "at this point may be appropriate." Dkt 132 at 3.

Summary judgment is appropriate as to the June 17, 2016 note issued to GGR, and the related evidentiary objection will be denied as moot.

### c. December 2, 2016 note issued to ERC

Gottlieb executed a promissory note governed by Delaware law on December 2, 2016 under which A-600 allegedly disbursed two separate loans to ERC on December 2, 2016 and April 28, 2017. Each loan was for $50,000 and was subject to an interest rate of 6%. Dkt 50-1 at 39–41. A-600 claims that it "performed its obligations under the December 2, 2016 ERC Note by loaning $100,000 to ERC in accordance with its terms." Dkt 50 at 18.

A-600 claims that ERC breached the note because it hasn't made any payments and hasn't cured its default despite being given notice and an opportunity to do so. A-600 argues that it's entitled to summary judgment on its claim against ERC for breaching the December 2, 2016 promissory note. It seeks actual damages totaling $118,762.49 as of December 31, 2019 (inclusive of unpaid principal and unpaid interest) plus daily interest until the date of judgment and post-judgment interest at the highest appliable rate. Dkt 50 at 18, 23.

ERC previously opposed summary judgment without directly addressing the breach of promissory note claim to this note. See Dkt 52. But ERC did raise an evidentiary objection as to its consideration. Dkt 53 at 8. As with the prior two notes, recent concession now confirms that ERC doesn't contest "the validity and enforceability" of this note—with further representation that the note was "issued and funded," so summary judgment "at this point may be appropriate." Dkt 132 at 3.

Summary judgment is appropriate as to the December 2, 2016 note issued to ERC, and the related evidentiary objection will be denied as moot.

7

d. December 16, 2016 note issued to GGR

Gottlieb executed a promissory note governed by North Carolina law on behalf of GGR and in favor of A-600 on December 16, 2016 under which A-600 allegedly disbursed a loan to GGR for $150,000. The loan was subject to a 9% interest rate. Dkt 50-1 at 43–45. A-600 claims that it "performed its obligations under the December 16, 2016 GGR Note by loaning GGR $150,000 in accordance with its terms." Dkt 50 at 19.

A-600 claims that GGR breached the note because it hasn't made any payments and hasn't cured its default despite being given notice and an opportunity to do so. A-600 argues that it's entitled to summary judgment on its claim against GGR for breaching the December 16, 2016 promissory note. It seeks actual damages totaling $196,336.07 as of December 31, 2019 (inclusive of unpaid principal and unpaid interest) plus daily interest until the date of judgment and post-judgment interest at the highest appliable rate. Dkt 50 at 19–20, 23.

GGR previously opposed summary judgment without directly addressing the breach of promissory note claim to this note. See Dkt 52. But GGR did raise an evidentiary objection as to its consideration. Dkt 53 at 9. As with the prior notes, recent concession now confirms that GGR doesn't contest "the validity and enforceability" of this note—with further representation that the note was "issued and funded," so summary judgment "at this point may be appropriate." Dkt 132 at 3.

Summary judgment is appropriate as to the December 16, 2016 note issued to ERC, and the related evidentiary objection will be denied as moot.

e. April 7, 2017 note issued to GGR

Gottlieb executed a promissory note governed by Delaware law on behalf of GGR and in favor of A-600 on April 7, 2017 under which A-600 allegedly disbursed a single loan to GGR for $50,000. The loan is subject to an interest rate of 6%. Dkt 50-1 at 47–49. A-600 claims that it "performed its obligations under the April 7, 2017 GGR Note by loaning GGR $50,000 in accordance with its terms." Dkt 50 at 20.

8

A-600 claims that GGR breached the note because it hasn't made any payments and hasn't cured its default despite being given notice and an opportunity to do so. A-600 argues that it's entitled to summary judgment on its claim against GGR for breaching the April 7, 2017 promissory note. It seeks actual damages totaling $58,891.12 as of December 31, 2019 (inclusive of unpaid principal and unpaid interest) plus daily interest until the date of judgment and post-judgment interest at the highest appliable rate. Dkt 50 at 20–21.

GGR previously opposed summary judgment as to this note. Dkt 52 at 21–22. And it raised an evidentiary objection as to its consideration. Dkt 53 at 9. As with the previous notes, recent concession now confirms that GGR doesn't contest "the validity and enforceability" of this note—with further representation that the note was "issued and funded," so summary judgment "at this point may be appropriate." Dkt 132 at 3.

Summary judgment is appropriate as to the April 7, 2017 note issued to GGR, and the related evidentiary objection will be denied as moot.

f. April 20, 2017 note issued to ERC

Gottlieb executed a promissory note governed by Delaware law on behalf of ERC and in favor of A-600 on April 20, 2017 under which A-600 allegedly disbursed a loan to GGR for $50,000. The loan is subject to a 6% interest rate. Dkt 50-1 at 51–53. A-600 claims that it "performed its obligations under the April 20, 2017 ERC Note by loaning ERC $50,000 in accordance with its terms." Dkt 50 at 21.

A-600 claims that ERC breached the note because it hasn't made any payments and hasn't cured its default despite being given notice and an opportunity to do so. A-600 argues that it's entitled to summary judgment on its claim against ERC for breaching the April 20, 2017 promissory note. It seeks actual damages totaling $58,769.91 as of December 31, 2019 (inclusive of unpaid principal and unpaid interest) plus daily interest until the date of judgment and post-judgment interest at the highest applicable rate. Dkt 50 at 21.

ERC previously opposed summary judgment as to this note. Dkt 52 at 22. And it raised an evidentiary objection as to its

consideration. Dkt 53 at 9. As with the previous notes, recent concession now confirms that ERC doesn't contest "the validity and enforceability" of this note—with further representation that the note was "issued and funded," so summary judgment "at this point may be appropriate." Dkt 132 at 3.

Summary judgment is appropriate as to the April 20, 2017 note issued to ERC, and the related evidentiary objection will be denied as moot.

### 4. Rule 54(b) and final judgment

A-600 seeks an order entering a final judgment pursuant to Rule 54(b). It asks for "an express determination that there is no just reason for delay and an express direction for the entry of judgment in favor of A-600 on its Motion for Partial Summary Judgment." Dkt 50 at 22–23 (internal quotations omitted). A-600 also seeks "reasonable and necessary attorney's fees and costs incurred in connection with its prosecution of the claims that are the subject of this Motion under Rule 54." Id at 22.

All but one of the at-issue promissory notes provide that attorney fees are recoverable as damages. Dkt 50-1 at 35, 39, 43, 47, 51. Even so, ART, ERC, and GGR "dispute that any attorney fees were reasonable or necessary" because Plaintiffs' "preemptively terminated the various agreements," "aggressively sought litigation," and "denied their knowledge and approval of the use of proceeds of the Notes." Dkt 132 at 3. They also oppose entry of final judgment as to the subject claims for the reasons previously argued—that A-600 won't be prejudiced by waiting and that the remaining claims involve similar facts. Dkt 52 at 26–27; Dkt 132 at 3.

Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that

> adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The Fifth Circuit observes that this "reflects a balancing of two policies: avoiding the danger of hardship or injustice through delay which would be alleviated by immediate appeal and avoiding piecemeal appeals." *Eldredge v Martin Marietta Corp*, 207 F3d 737, 740 (5th Cir 2000) (internal quotations omitted). In evaluating whether to grant a Rule 54(b) motion, district courts consider "interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units." *Curtiss-Wright Corp v General Electric Co*, 446 US 1, 10 (1980). "The analysis involves two prongs: (1) whether there is a final judgment and (2) whether there is a just reason for delaying the moving parties' exit from the case." *Oliver v Klein Independent School District*, 472 F Supp 3d 367, 372 (SD Tex 2020), citing *Sears, Roebuck & Co v Mackey*, 351 US 427, 436 (1956).

The first requires the court to enter a "decision upon a claim for relief" that's final "in the sense of an ultimate disposition of an individual claim" in a multi-claim case. *Oliver*, 472 F Supp 3d at 372, quoting *Sears*, 351 US at 436 (internal quotations omitted). The second affords the court discretion to determine "whether there is a just reason for delay" and in doing so it "must balance 'administrative interests as well as the equities involved' in a manner consistent with the federal policy against piecemeal appeals." *Oliver*, 472 F Supp 3d at 372, quoting FRCP 54(b) advisory committee's note to 1961 amendment; *Sears*, 351 US at 438; see also *Curtiss-Wright*, 446 US at 10–11. Weighing whether the reason for delay is *just* in turn requires the court to evaluate "the degree to which severing the claims or parties would impose multiplicative appellate court decisions." *Oliver*, 472 F Supp 3d at 372, citing *Curtiss-Wright*, 446 US at 10.

To a certainty, a number of claims remain pending. For example, Plaintiffs still have claims for money had and received and conversion pending against GGR, ERC, and ART (among

11

others). Dkt 113 at ¶¶ 78–79. It's unclear whether (or to what extent) Plaintiffs intend to pursue those claims against the other Defendants given the result here against GGR, ERC, and ART. It further appears that Plaintiffs seek $1,352,000 in connection with each of those claims. But it's unclear to what extent (if any) those alleged damages overlap with the $1,568,085.99 subject to the partial summary judgment entered here. Dkt 50 at 22–23. As for Defendants, they assert breach-of-contract counterclaims and seek attorney fees against a number of Plaintiffs, although not against A-600. Dkt 125 at ¶¶ 103–110. The extent to which those pending counterclaims affect the Rule 54 analysis (including as to concepts of setoff) isn't clear. And beyond all this, there certainly isn't any recent or meaningful briefing on the issue of entitlement to or quantity of attorney fees.

In short, neither party adequately addresses final judgment under Rule 54(b). Indeed, the relevant briefing from all parties amounts to three paragraphs with minimal citations. See Dkt 50 at 22; Dkt 52 at 26–27. As such, the request for entry of final judgment pursuant to Rule 54(b) and the related request for award of attorney fees will be denied as currently presented.

### 5. Conclusion

The motion by Plaintiff CDIC of NC Protected Cell A-600, LLC, for itself and as successor-in interest to Series A-600 of Capital Development Insurance Company, LLC, for partial summary judgment on its claims against Defendants Asset Retention Trust Co, LLC, Energy Redevelopment Company, Inc, and GGR Realty Management, LLC for breach of promissory note is GRANTED. Dkt 50.

A-600 should present for entry a proposed form of judgment by which to appropriately memorialize these amounts and this ruling.

The request by A-600 for entry of final judgment pursuant to Rule 54(b) and an award of attorney fees is DENIED. It may renew its request with attention to sufficient detail, if desired.

The objections by Defendants Asset Retention Trust Co, LLC, Energy Redevelopment Company, Inc, and GGR Realty Management, LLC to CDIC's summary judgment evidence are DENIED AS MOOT. Dkt 53.

SO ORDERED.

Signed on September 3, 2021, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge